## LIMA MEMORIAL HOSPITAL v HARROD

Ohio Appeals, 3rd Dist, Auglaize Co

No 136. Decided April 22, 1941

Wheeler, Bentley, Neville & Cory, Lima; Fred C. Becker, Lima, for plaintiff-appellee.

R. S. Steiner, Lima; Boesel & Boesel, Wapakoneta, for defendant-appellant.

### OPINION

By GUERNSEY, J.

This is an appeal upon questions of law and fact from a judgment of the Court of Common Pleas of Auglaize County, in an action pending therein wherein Lima Memorial Hospital, the appellee herein, was plaintiff, and Ola V. Harrod, the appellant herein, was defendant.

The action is one in partition, and by stipulation of the parties was submitted to this court for trial de novo upon the transcript of the evidence had on the trial in the Common Pleas Court.

In its petition plaintiff alleges that it has a legal right to and is seized in fee simple as the grantee of John C. Harrod, deceased, of the real estate described therein, subject to the one half of the net income therefrom during the life of Ola V. Harrod; and that during the life of Ola V. Harrod plaintiff is the owner of and entitled to the one half of the net income from said real estate.

Plaintiff further alleges that Ola V. Harrod is a tenant in common with plaintiff during the life of said Ola V. Harrod, in equal proportions or parts of the net income from said described real estate; and that plaintiff and defendant have been unable to agree on the value of defendant's estate or interest in said premises; that it is and will be difficult under the conditions existing to profitably rent said premises, make the necessary repairs and determine the net income arising therefrom during the life of the defendant and that by reason thereof, the estates of both plaintiff and defendant and the estate in remainder of plaintiff will depreciate and become less valuable.

The prayer of the petition is that the estates during the life of Ola V. Harrod be partitioned and plaintiff's interest be set off in severalty and if that cannot be done without manifest injury, that the value of the life estate of each of the parties hereto in one half of the net income during the life of Ola V. Harrod be fixed and determined and the same sold under the order of this court and that the proceeds arising from such sale be divided.

From the petition and the other pleadings in the case, and the transcript of the evidence, it appears that whatever rights either the plaintiff or defendant has in the real estate described in the petition, are derived from a deed executed by John C. Harrod, unmarried, to Lima Memorial Hospital, under date of December 24, 1936, which is recorded in Volume 130 at page 4 of the record of deeds of Auglaize County. The material provisions of this

deed insofar as the subject matter of this case is concerned, are as follows:

"KNOW ALL MEN BY THESE PRESENTS, That John C. Harrod, unmarried, the grantor, in consideration of the sum of One Dollar and other valuable consideration—Dollars, in hand paid by Lima Memorial Hospital, of Lima, Ohio, the grantee, does give, grant, bargain, sell and convey unto the grantee its successors and assigns in office, the following described premises, situated in the County of Auglaize and State of Ohio, to-wit: The southwest quarter (¼) of the northwest quarter (¼) of Section two (2) Township five (5) south, Range seven (7) east, containing forty (40) acres more or less.

Also the following described real estate situated in the County of Auglaize and State of Ohio to-wit: One hundred (100) acres more or less, off the north side of the northeast quarter (¼) of Section number three (3) in Township five (5) south, of range seven (7) east, Union Township, Auglaize County, Ohio.

Subject to one half of the net income from aforesaid described real estate belonging to Ola V. Harrod during the life of Ola V. Harrod. * * *

To have and to hold the above granted and bargained premises, with the appurtenances thereunto belonging unto the said grantee its successors in office and assigns forever. And said grantor does for himself and heirs covenant with said grantee its successors in office and assigns, that at and until the ensealing of these presents he was seized of the above described premises, as a good and indefeasible estate in fee simple, and has good right to bargain and sell the same in manner and form as above written, and that the same are free from all encumbrances whatsoever, except as above set forth and will warrant and defend said premises, with the appurtenances thereunto belonging, to the said grantee its successors in office and assigns, forever, against all lawful claims and demands of all persons whomsoever."

Under the pleadings and the evidence the sole question in this case is whether or not the plaintiff and defendant are cotenants in such an estate or interest in the land described in the petition that such estate or interest may be partitioned, either under the statute or in equity. Whether or not there is such an interest or estate is wholly dependent upon the character of the interest or estate the defendant Ola V. Harrod has therein.

From an inspection of the provisions of the deed hereinbefore set forth it will be noted that no estate in the real estate therein described is granted to Ola V. Harrod and that any right she may have therein is derived solely from the clause following the description of the real estate in the granting clause, which reads as follows:

"Subject to the one half of the net income from the aforesaid described real estate belonging to Ola V. Harrod during the life of Ola V. Harrod."

The deed, insofar as any right that Ola V. Harrod may have thereunder is concerned, constitutes a contract between John C. Harrod and Lima Memorial Hospital, based upon a valuable consideration passing from one to the other, and the provision thereof last quoted constitutes a promise upon the part of Lima Memorial Hospital, supported by such consideration, to render unto Ola V. Harrod one half of the net income from said real estate during her life, which should constitute a charge upon said real estate. This promise was made for the benefit of Ola V. Harrod and is enforceable by her. The right which Ola V. Harrod has under said deed is simply a contractual charge upon the real estate therein described. Bouvier's Law Dictionary, Rawle's Third Revision, Vol. 1, page 459. Such contractual charge does not constitute such an interest or estate in land as may be partitioned either under the statute or in equity. It is, however, of such character that it may be en-

forced and protected by a court of equity.

As the right and interest of defendant Ola V. Harrod has in such real estate does not constitute an estate or interest in land which may be the subject of partition, there is not such an estate or interest in land in the parties as may be partitioned, and the petition herein will therefore be dismissed at costs of the plaintiff.

KLINGER, PJ. and CROW, J., concur.